1 | Mark D. Kremer (SB# 100978)
  | *m.kremer@conklelaw.com*
2 | Evan Pitchford (SB# 256536)
  | *e.pitchford@conklelaw.com*
3 | Zachary Page (SB# 293885)
  | *z.page@conklelaw.com*
4 | CONKLE, KREMER & ENGEL
  | Professional Law Corporation
5 | 3130 Wilshire Boulevard, Suite 500
  | Santa Monica, California 90403-2351
6 | Phone: (310) 998-9100 • Fax: (310) 998-9109

7 | Attorneys for Plaintiffs Moroccanoil, Inc.
  | and Moroccanoil Israel Ltd.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 | MOROCCANOIL, INC., a California corporation; and MOROCCANOIL ISRAEL LTD., an Israeli limited company,

| CASE No.

13 | | **COMPLAINT FOR:**

14 | Plaintiffs, | 1. FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

15 | v. | 2. FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))

16 | ZOTOS INTERNATIONAL, INC., a New York corporation; and DOES 1 through 20, inclusive,

17 | | 3. COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

18 | Defendants. | 4. BREACH OF CONTRACT

19 | | 5. FALSE ADVERTISING (15 U.S.C. § 1125(a))

20 | | 6. UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200 and 17500)

21

22 | | 7. FEDERAL TRADE SECRET MISAPPROPRIATION (18 U.S.C. § 1836(b))

23

24 | | 8. CALIFORNIA TRADE SECRET MISAPPROPRIATION (CIVIL CODE § 3426)

25

26

27

28

COMPLAINT

1    Plaintiffs Moroccanoil, Inc. ("Moroccanoil USA") and Moroccanoil Israel Ltd.

2   ("Moroccanoil Israel") (collectively, "Plaintiffs") allege as follows:

3

4                    **NATURE OF THE COMPLAINT**

5       1.    This action arises out of the unlawful use by Defendant Zotos

6   International, Inc. ("Zotos" or "Defendant") of Moroccanoil's distinctive trademarks,

7   trade dress, and trade secrets for its popular Moroccanoil line of personal care products,

8   all of which Zotos misappropriated to introduce its copycat "Majestic Oil" line of

9   competing products.  Far worse than an ordinary copycat, Zotos – a giant in the

10  personal care industry – solicited, obtained, and misappropriated Moroccanoil's trade

11  secrets under the guise of a legitimate business deal.  One need only look at the obvious

12  similarities between Moroccanoil's flagship Oil Treatment and Majestic Oil's newly-

13  introduced Oil Treatment to begin to appreciate the extent of Zotos' misconduct:

14

15       *Moroccanoil Treatment, 3.4 oz.*          *Majestic Oil Oil Treatment, 3.4 oz.*

16

17

18                              

19

20

21

22

23

24

25

26       2.    Zotos' unlawful conduct is causing and will continue to cause irreparable

27  harm to Moroccanoil, as consumers who see Majestic Oil will erroneously believe that

28  the products are endorsed by, sponsored by, or associated with Moroccanoil.  Zotos'

abusive conduct, if not enjoined, will undermine the goodwill that Moroccanoil has carefully cultivated for the past decade.

## JURISDICTION AND VENUE

3.     This action arises under and this Court has original jurisdiction pursuant to 15 U.S.C. § 1121 (trademarks), 18 U.S.C. § 1836(c) (trade secrets), 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1332 (diversity), 28 U.S.C. § 1338(a) (trademarks), 28 U.S.C. § 1338(b) (unfair competition), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

4.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district, and because Defendant is subject to the Court's personal jurisdiction with respect to this action. 28 U.S.C. § 1391(c)(2).

## THE PLAINTIFFS

5.     Plaintiff Moroccanoil, Inc. is a California corporation in good standing with the California Secretary of State.  Its principal place of business is located in Los Angeles County.

6.     Plaintiff Moroccanoil Israel Ltd. is an Israeli limited company.   Its principal place of business is located in Rishon LeZion, Israel.

7.     The term "Moroccanoil" as used herein shall refer to the Moroccanoil group of companies (including Moroccanoil USA and Moroccanoil Israel) and the Moroccanoil brand as it is widely known.

## THE DEFENDANTS

8.      On information and belief, Defendant Zotos International, Inc. is a New York corporation with a principal place of business located in Darien, Connecticut and with offices in Arcadia, California.  Zotos markets, distributes, and sells its numerous products and brands nationally and internationally, including in Los Angeles County and throughout California.

9.      On information and belief, there are other individuals who make, obtain, distribute, supply and sell products in violation of law, and violate Plaintiffs' rights as alleged herein, but Plaintiffs are ignorant of their true identity or complete role in the alleged conduct and therefore sues them by the fictitious names Does 1 through 20. Plaintiffs are informed and believes that each of the defendants designated as a Doe is liable in some manner for the acts and omissions, damages and injuries of which Plaintiffs allege in this Complaint.  Plaintiffs will seek to amend this Complaint to state the true identities of Does 1 through 20 when ascertained.   Zotos and the Doe Defendants are referred to collectively as "Defendants."

10.     On information and belief each of the Defendants were at all relevant times acting to the fullest extent recognized by law as the agent, employee or co-conspirator of each of the other Defendants, and that in committing the acts and omissions alleged herein and causing the damage and injuries alleged, were acting within the scope of such agency, employment or conspiracy.  The Defendants have committed acts in furtherance of the conspiracy, have given aid and encouragement to their co-conspirators and have ratified and adopted the acts of their co-conspirators.

11.     On information and belief there exists, and at all times mentioned there existed, a unity of interests and ownership between individual Defendants and business entity defendants such that any individuality and separateness between the individual

1   and businesses never existed or has ceased to exist, and each Defendant is in each

2   instance the alter ego of the other Defendants who control all such entities.  To adhere

3   to the fiction of the Defendant entities as having existence as separate and distinct from

4   the individual Defendants or from those with them and who owned and controlled them

5   would permit an abuse of the corporate and other entity privileges, would sanction

6   fraud, and would promote injustice.

7

8                                    **INTRODUCTION**

9          12.    In January 2007, Moroccanoil introduced a unique professional hair care

10  product featuring argan oil to revitalize and replenish hair.  From its inception nearly a

11  decade ago, the Moroccanoil Treatment was a tremendous success and garnered

12  recognition and praise from celebrities, runway stylists, and consumers in the United

13  States and throughout the world.  Moroccanoil expanded its product line to include a

14  range of hair and body care products, each consistently packaged and advertised using

15  the distinctive registered trademarks and trade dress that consumers have uniquely

16  associated with Moroccanoil for many years, as displayed in the images below.



17

18

19

20

21

22

23

24

25

26  Sold in exclusive channels in the United States and overseas, Moroccanoil and its high-

27  quality product line (the "Moroccanoil Products") continue to be held in high esteem by

28  professionals and consumers alike.

13.    Since Moroccanoil achieved success in the professional hair care market, numerous competing products and brands have emerged.  In order to poach customers and capitalize on Moroccanoil's success, some of these competing products have wrongfully used names confusingly similar to "Moroccanoil;" Moroccanoil's signature turquoise, orange, and white coloration; Moroccanoil's unique amber druggist-style bottle and other packaging; and/or similar orientations and combinations of the text and symbols on the bottles and packaging.  Moroccanoil has expended extensive resources successfully defending its intellectual property and brand against such infringers and copiers, frequently through the  judicial system.  The courts have determined, among other things, that Moroccanoil's trade dress is "strong" and "inherently distinctive" and that the "MOROCCANOIL" mark is suggestive and entitled to great protection.

14.    Despite numerous legal outcomes in Moroccanoil's favor (many of which were well-publicized in the hair care industry), and after nearly *ten years* of Moroccanoil's prominent presence in the marketplace, Zotos – itself a major player in the hair care market, owned by industry behemoth Global Beauty Company Shiseido – hatched a plot to not only copy Moroccanoil, but to use Moroccanoil's trade secrets to do it.  Under the guise of a legitimate business deal, Zotos solicited – and, on information and belief, misappropriated – Moroccanoil trade secret information, which Moroccanoil Israel provided to Zotos under a non-disclosure agreement.  Meanwhile, Zotos was secretly developing a copycat line of products to copy and undermine Moroccanoil.  Starting in or around July 2016, and continuing to this day, Zotos began to market and sell a line of retail products named "Majestic Oil" (the "Majestic Oil Products").  The Majestic Oil Products flagrantly and deliberately use *all* the design elements and trade dress referenced above – similar name, similar coloration, nearly identical packaging, and similar orientation of text and symbols.  The Majestic Oil Products, sold in Los Angeles County and online in quickly increasing quantities, undeniably infringe Moroccanoil's trademarks and trade dress and confuse consumers.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### THE MOROCCANOIL PRODUCTS

15.     Launched in 2007, Moroccanoil Israel Ltd. manufactures and Moroccanoil USA distributes in the United States hair and body care products utilizing Moroccanoil's distinctive trademarks and trade dress.     Moroccanoil Products are intended for sale only through professional salons and select premium channels.  Sales outside these channels are unauthorized and dilute and harm the brand.  Consumer confusion about copycat products like the Majestic Oil Products similarly dilute and harm Moroccanoil and its brand.

16.     The Moroccanoil brand has enjoyed tremendous popularity and acclaim. For example, in 2010, the fashion magazine *Vogue* ran an article titled "Beauty: the Frenzy over Moroccanoil."[1]  In the article, the author recounted running into a friend and noticing that her friend's hair, which "always looks perfect," looked even "better" than perfect that day.  "'Did you just get a cut?' I asked.  'Nope, she said, 'it's Moroccanoil!'  And that's when I realized Moroccanoil is everywhere."

17.     In 2012, CNN featured an in-depth segment on the history and success of Moroccanoil.  CNN anchor Erin Burnett introduced Moroccanoil as "the hottest hair product in the world right now."  The segment – which repeatedly mentioned the Moroccanoil brand name and featured an image of its distinctive turquoise trade dress – noted that Moroccanoil has become "the product of choice for fashion shows."

---

[1] *See* http://www.vogue.com/vogue-daily/article/vd-beauty-the-frenzy-over-moroccanoil/#1 (accessed September 12, 2016).

## MOROCCANOIL'S TRADEMARKS AND TRADE DRESS

18.    Moroccanoil Products bear one or more trademarks ("Moroccanoil Trademarks") which are federally registered in Class 3 on the principal register of the United States Patent and Trademark Office ("USPTO"), including:

(a)    the word "Moroccanoil" – USPTO Registration No. 3,478,807;

(b)    "M Moroccanoil Design" – with the word Moroccanoil in white vertical lettering next to the letter M in copper orange on a turquoise blue background, USPTO Registration No. 3,684,910; and

(c)    "M Moroccanoil Design" – with the word Moroccanoil in white horizontal lettering through the letter M in copper orange on a turquoise blue background, USPTO Registration No. 3,684,909.

19.    Since January 2007, Moroccanoil has continuously used one or more of the Moroccanoil Trademarks in commerce in the United States.  As a result of its success, Moroccanoil has built goodwill and value in the Moroccanoil Trademarks such that consumers associate them exclusively with Moroccanoil.

20.    The packaging in which Moroccanoil sells its products (the "Moroccanoil Trade Dress") has acquired secondary meaning and has become exclusively associated with Moroccanoil in the eyes of consumers.  The Moroccanoil Trade Dress is the overall appearance of the Moroccanoil Products' packaging and advertising, including at least each of the following elements individually and in combination with one another: a distinctive turquoise blue color; copper orange lettering, graphics and background design elements; copper orange and white lettering, the word "MOROCCANOIL" in vertical and horizontal orientation, graphics and background

design elements on a turquoise blue background; and an amber bottle packaged in a rectangular turquoise blue box.  The Moroccanoil Trade Dress is non-functional and has been in use in commerce since at least January 2007.

## DEFENDANTS' INFRINGING PRODUCTS

21.     Self-described as "a unique blend of 100% natural Moroccan Argan Oil,"[2] the Majestic Oil Product line appears to be designed specifically to mimic and poach the Moroccanoil Trademarks and the Moroccanoil Trade Dress.  As examples, the Majestic Oil Products prominently place the confusingly similar term "MAJESTIC OIL" on the front of products and packaging in the same unique vertical orientation as Moroccanoil, with the word "MOROCCAN" displayed in prominent text nearby. Though "MAJESTIC OIL" is ostensibly two words, the spacing between the words on the products is minimal, creating a one-word appearance similar to Moroccanoil.  Like "Moroccanoil," "Majestic Oil" begins with the letter M and contains eleven letters and four syllables.  Like the Moroccanoil Products, the term "MAJESTIC OIL" is written in white in capital letters in front of a turquoise background.   Like the Moroccanoil Products' use of the copper orange "M" next to the vertical "MOROCCANOIL" text, the Majestic Oil Products place a copper orange fleur-de-lis symbol next to the vertical "MAJESTIC OIL."  The Majestic Oil Products are named similarly to the counterpart Moroccanoil Products and use similar amber druggist-style bottles and other containers.

22.     A simple side-by-side comparison of images of multiple Moroccanoil Products and Majestic Oil Products demonstrates the brazen copycat elements:

---

[2] *See* Zotos' Naturelle brand website at www.naturellepro.com/majestic-oil (accessed Sept. 1, 2016).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Moroccanoil Treatment, 3.4 oz.*[3]



*Majestic Oil Oil Treatment, 3.4 oz.*[4]



*Moroccanoil Intense Hydrating Mask, 8.5 oz.*[3]



*Majestic Oil Hydrating Repair Masque, 8.5 oz.*[5] (*see* footnote next page)



---

[3] Image taken from Moroccanoil website.
[4] Image taken from Defendant's Naturelle brand website.

*Moroccanoil Hydrating Shampoo, 8.5 oz.*[3]

*Majestic Oil Hydrating Shampoo, 13.5 oz.*[4]





*Comparative lineup of samples from Moroccanoil Line and full Majestic Oil Line*[5]



---

[5] Image taken by Plaintiffs' counsel; the Moroccanoil products were provided by Moroccanoil and the Majestic Oil Products were purchased at Sally Beauty Supply, a retailer in Los Angeles County.

**LIKELIHOOD OF CONFUSION AND ZOTOS' BAD FAITH**

23.     Given the striking similarity between the trade dress of Moroccanoil hair care products and the trade dress of the Majestic Oil Products, there is a likelihood that consumers will buy the infringing products under the mistaken belief that they come from, are sponsored or licensed by, or are associated or affiliated with, Moroccanoil, the maker of Moroccanoil hair care products.

**FIRST CLAIM FOR RELIEF**

**FOR FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

**(BY MOROCCANOIL USA AGAINST ALL DEFENDANTS)**

24.     Plaintiffs incorporate and reallege Paragraphs 1 through 23 of this Complaint.

25.     Moroccanoil USA owns the federally registered Moroccanoil Trademarks, including Registration No. 3,684,910 for the word Moroccanoil in white vertical lettering next to the letter M in copper orange on a turquoise blue background, and Registration No. 3,684,909 for the word Moroccanoil in white horizontal lettering through the letter M in copper orange on a turquoise blue background.  Defendants have infringed these trademarks, including but not limited to in the ways described in Paragraph 19, above, in connection with the advertising, distribution and sale of the Majestic Oil Products.

26.     Defendants' use of  the Moroccanoil Trademarks and their sale and advertising of the Majestic Oil Products have a substantial effect on interstate commerce, have caused consumer confusion, and are likely to continue to cause consumer confusion and to deceive the public into believing that the Majestic Oil Products originate from and are authorized by Moroccanoil.

27.    On information and belief, Defendants have committed these acts of infringement with the intent to cause confusion and mistake and to deceive the public into believing that Moroccanoil makes, sponsors, endorses, or is associated with the Majestic Oil Products.

28.    As a direct and proximate result of Defendants' unlawful acts alleged herein, including infringement of the Moroccanoil Trademarks, Moroccanoil has suffered and will continue to suffer injury to its business, goodwill and property.

29.    As a direct and proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil has suffered damages of a nature and in an amount according to proof at trial.

30.    Moroccanoil demands and is entitled to an accounting from each Defendant, including all information necessary to permit Moroccanoil to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

31.    Moroccanoil has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil Trademarks , Moroccanoil will continue to suffer irreparable harm.

32.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of the Moroccanoil Trademarks and to cause injury to

1  Moroccanoil.  As such, this is an exceptional case within the meaning of 15 U.S.C. §

2  1117(a) and damages should be trebled and attorneys' fees awarded.

3

4  ### SECOND CLAIM FOR RELIEF

5  ### FOR FEDERAL TRADEMARK INFRINGEMENT

6  ### AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

7  ### (BY MOROCCANOIL USA AGAINST ALL DEFENDANTS)

8      33.    Plaintiffs incorporate and reallege Paragraphs 1 through 32 of this

9  Complaint.

10

11      34.    The Moroccanoil Trademarks and the Moroccanoil Trade Dress have

12  acquired secondary meaning and is uniquely associated with Moroccanoil in the minds

13  of consumers.

14

15      35.    Defendants' use of a virtually identical turquoise blue, prominent copper-

16  orange accents, and numerous other similar trade dress elements for the containers of

17  Majestic Oil Products infringe the Moroccanoil Trademarks and the Moroccanoil Trade

18  Dress by confusing and deceiving consumers as to the source or sponsorship of the

19  Majestic Oil Products.  Defendants' conduct constitutes infringement of Moroccanoil

20  USA's unregistered trademarks and trade dress and unfair competition in violation of

21  15 U.S.C. § 1125(a).

22

23      36.    Defendants' acts have caused and will continue to cause Moroccanoil to

24  suffer injury to its business, goodwill and property.

25

26      37.    As a proximate result of Defendants' wrongful conduct, Defendants have

27  been unjustly enriched while Moroccanoil has suffered damages of a nature and in an

28  amount according to proof at trial.

38.    Moroccanoil demands and is entitled to an accounting from each Defendant, including all information necessary to permit Moroccanoil to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

39.    Moroccanoil has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil Trademarks and Moroccanoil Trade Dress, Moroccanoil will continue to suffer irreparable harm.

40.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of , the Moroccanoil Trademarks, and the Moroccanoil Trade Dress , and to cause injury to Moroccanoil.  As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

**THIRD CLAIM FOR RELIEF**

**FOR COMMON LAW TRADEMARK INFRINGEMENT**

**AND UNFAIR COMPETITION**

**(BY MOROCCANOIL USA AGAINST ALL DEFENDANTS)**

41.    Plaintiffs incorporate and reallege Paragraphs 1 through 40 of this Complaint.

42.     Defendants' actions constitute infringement of Moroccanoil's common law rights in the Moroccanoil Trademarks and the Moroccanoil Trade Dress, and will confuse and deceive the public concerning the source, affiliation or sponsorship of the Majestic Oil Products.

43.     In performing the acts and unfair business practices alleged, Defendants are engaging in unlawful and unfair competition in violation of Moroccanoil's rights.

44.     On information and belief, Defendants' acts and omissions as alleged herein were committed knowingly, intentionally and willfully with the intent to trade on Moroccanoil's goodwill in the Moroccanoil Products, the Moroccanoil Trademarks and the Moroccanoil Trade Dress.

45.     Moroccanoil demands and is entitled to an accounting from each Defendant, including all information necessary to permit Moroccanoil to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

46.     Moroccanoil has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil Trademarks and Moroccanoil Trade Dress, Moroccanoil will continue to suffer irreparable harm.

47.     On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the

reputation and goodwill of Moroccanoil, the Moroccanoil Trademarks, the Moroccanoil Trade Dress and the Moroccanoil Products, and to cause injury to Moroccanoil. Moroccanoil should be awarded punitive damages.

**FOURTH CLAIM FOR RELIEF**

**BREACH OF CONTRACT**

**(BY MOROCCANOIL ISRAEL AGAINST ALL DEFENDANTS)**

48.     Plaintiffs incorporate and reallege Paragraphs 1 through 23 of this Complaint.

49.     On or about October 1, 2014, Zotos signed a written Non-Disclosure Agreement (the "NDA") with Moroccanoil Israel and intended to bind itself to the NDA.  Moroccanoil Israel accepted and countersigned the NDA signed by Zotos.

50.     The terms of the NDA material to this Complaint are as follow:

(a)     Section 1.01 provides a definition of "Confidential Information," which encompassed "all information relating to the Disclosing Party and its Affiliates and their respective businesses and affairs furnished by or on behalf of the Disclosing Party to the Receiving Party or any of its Representatives, regardless of the manner in which it is furnished (whether oral or in writing or in any other form or media)" with exceptions for publicly-available information, previously-known information, and independently-developed information.  It also provides a definition of the "Purpose" of the NDA, which is "considering and evaluating entering into a business relationship between the parties."

(b)    Section 2.02 ("Use of Confidential Information") provides that the Confidential Information may be used only for the Purpose and that the Receiving Party must "avoid disclosure or use of the Confidential Information" for any other purpose.

(c)    Section 3.10 ("Remedies") provides that "monetary damages would not alone be sufficient to remedy any breach by such party or its Representatives of any term or provision of this Agreement and that the other party will also be entitled to equitable relief, including injunction and specific performance … the party in breach of this Agreement further waives any requirement for the deposit of security or posting of any bond in connection with any equitable remedy."

51.    Pursuant to the terms of the NDA, and in the course of discussion of a business relationship in which Zotos would manufacture an aerosol product for Moroccanoil, Zotos acquired information about Moroccanoil's trade secret fragrance in the form of a significant sample quantity of a Confidential isolate of Moroccanoil's trade secret fragrance formula along with other Confidential Information regarding the proposed product and the fragrance.

52.    Moroccanoil Israel performed all of its obligations pursuant to the NDA, other than those obligations that were excused by the acts or omissions of Defendants.

53.    On information and belief, Defendants breached their obligations to Moroccanoil Israel by, among other things, misappropriating the Confidential Information (including but not limited to the fragrance) for use in the Majestic Oil Products and/or for other uses.  Moroccanoil did not consent to any such use of the Confidential Information and such use of the Information was contrary to the NDA.

54.     As a result of Defendants' breaches of the NDA, Moroccanoil Israel has suffered damages in an amount subject to proof at trial.

55.     As provided in the NDA and agreed upon by Moroccanoil Israel and Zotos, Defendants' acts and omissions as alleged herein will cause damages to Moroccanoil that are difficult, if not impossible, to measure and would not be sufficient to remedy Defendants' breach.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including misuse of the Confidential Information, Moroccanoil will continue to suffer irreparable harm.

## FIFTH CLAIM FOR RELIEF
## FOR FALSE ADVERTISING
## (15 U.S.C. § 1125(a))
## (BY MOROCCANOIL USA AGAINST ALL DEFENDANTS)

56.     Plaintiffs incorporate and reallege Paragraphs 1 through 47 of this Complaint.

57.     Defendants, in connection with distributing the Majestic Oil Products in interstate commerce, have made and are continuing to make false, deceptive and misleading descriptions and representations of fact in commercial advertising and promotion, which misrepresent the nature, characteristics and qualities of the Majestic Oil Products in violation of 15 U.S.C. § 1125(a).  On information and belief, these misrepresentations include the implied statement that the Majestic Oil Oil Treatment product is comprised of 100% Moroccan argan oil.

58.     The false, misleading and deceptive statements set forth above are material and will tend to deceive consumers, including by the inference that the Majestic Oil Products are superior to other argan oil products, including the Moroccanoil Products.

59.     These violations have injured and will continue to injure Moroccanoil and the public, causing deception, confusion and damage in an amount that cannot presently be ascertained.

60.     Defendants' acts of false advertising and unfair competition have caused irreparable injury to Moroccanoil and, unless restrained, will cause further irreparable injury, leaving Moroccanoil with no adequate remedy at law.

61.     Moroccanoil is entitled to permanent injunctive relief against Defendants restraining further acts of false advertising and requiring Defendants to correct their false and misleading statements, and to recover damages caused by reason of Defendants' acts.

### SIXTH CLAIM FOR RELIEF
### FOR UNFAIR BUSINESS PRACTICES
### (CA BUS. & PROF. CODE §§ 17200 AND 17500)
### (BY MOROCCANOIL USA AGAINST ALL DEFENDANTS)

62.     Plaintiffs incorporate and reallege Paragraphs 1 through 61 of this Complaint.

63.     Defendants' actions constitute infringement of Moroccanoil USA's common law rights in the Moroccanoil Trademarks and Moroccanoil Trade Dress.

64.     Defendants' unfair business practices, acts of infringement and misleading advertising practices as herein alleged are in violation of California Business and Professions Code, Section 17200, *et seq*., and California Business and Professions Code, Section 17500, *et seq*.

65.    In performing the acts and unfair business practices alleged, Defendants are engaging in unlawful and unfair competition in violation of Moroccanoil USA's rights.  Defendants have obtained revenue and profit by their acts of unfair competition and they should be ordered to disgorge all such revenue and profit.  Defendants will continue such unfair and fraudulent business practices unless and until they are restrained.

66.    Moroccanoil USA has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil USA that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil Trademarks and Moroccanoil Trade Dress, Moroccanoil USA will continue to suffer irreparable harm.

### SEVENTH CLAIM FOR RELIEF
### FOR FEDERAL TRADE SECRET MISAPPROPRIATION
### UNDER 18 U.S.C. § 1836
### (BY MOROCCANOIL ISRAEL AGAINST ALL DEFENDANTS)

67.    Plaintiffs incorporate and reallege Paragraphs 1 through 23 of this Complaint.

68.    Moroccanoil Israel owns Moroccanoil-related trade secrets, including but not limited to the formula for and processes for production of Moroccanoil's fragrance, which is used in Moroccanoil Products and in turn distributed and sold in interstate commerce.  These trade secrets are valuable to the Moroccanoil business, in significant

1   part from their not being known or readily ascertainable by others, and Moroccanoil has

2   taken reasonable measures to keep such information secret.

3

4       69.    In the course of discussions for Zotos to manufacture an aerosol product

5   for Moroccanoil, Zotos acquired a significant sample quantity of an isolate of

6   Moroccanoil's trade secret fragrance along with other confidential materials regarding

7   the proposed product and the fragrance.  Such acquisition was made under a written

8   non-disclosure agreement made between Moroccanoil Israel and Zotos and was

9   otherwise confidential in nature.  Both by the nature of the transaction (including

10  "Confidential" stamps on documents and emails) and through the non-disclosure

11  agreement, Zotos owed a duty to Moroccanoil not to divulge or use the trade secret for

12  its own purposes, and all Defendants were otherwise aware of the trade secret nature of

13  the fragrance isolate and its economic value to Moroccanoil.

14

15      70.    On information and belief, Defendants, through their breach of duty and

16  improper acquisition, misappropriated the fragrance isolate (and potentially other trade

17  secrets) for use in the Majestic Oil Products and/or for other uses.  On information and

18  belief, at the very time Zotos solicited Moroccanoil's delivery of the fragrance isolate

19  and confidential materials, Defendants were actively working to create, market, and sell

20  the copycat Majestic Oil hair care products and to trade on the success of the

21  Moroccanoil brand, the Moroccanoil Trade Dress, and the Moroccanoil Products.

22  Moroccanoil was not aware of the Defendants' duplicity and did not consent to any

23  such use of its trade secrets.

24

25      71.    As a direct and proximate result of Defendants' unlawful misappropriation

26  of trade secrets, Moroccanoil has suffered and will continue to suffer injury to its

27  business, goodwill and property.

28

72.    As a direct and proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil has suffered damages of a nature and in an amount according to proof at trial.

73.    Moroccanoil has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including the misappropriation of trade secrets, Moroccanoil will continue to suffer irreparable harm.

74.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the trade secrets of Moroccanoil and to cause injury to Moroccanoil.  As such, this is an exceptional case within the meaning of 18 U.S.C. §§ 1836(b)(3)(C)-(D) and damages should be doubled and attorneys' fees awarded.

## EIGHTH CLAIM FOR RELIEF
## FOR CALIFORNIA TRADE SECRET MISAPPROPRIATION
## (CA CIVIL CODE § 3426)
## (BY MOROCCANOIL ISRAEL AGAINST ALL DEFENDANTS)

75.    Plaintiffs incorporate and reallege Paragraphs 1 through 23 of this Complaint.

76.    Moroccanoil Israel owns Moroccanoil-related trade secrets, including but not limited to the formula for and processes for production of Moroccanoil's fragrance, which is used in Moroccanoil Products and in turn distributed and sold in California. These trade secrets are valuable to the Moroccanoil business, in significant part from

1    not being known or readily ascertainable by others, and Moroccanoil has taken

2    reasonable measures to keep such information secret.

3

4    77.    In the course of discussions for Zotos to manufacture an aerosol product

5    for Moroccanoil, Zotos acquired a significant sample quantity of an isolate of

6    Moroccanoil's trade secret fragrance along with other confidential materials regarding

7    the proposed product and the fragrance.  Such acquisition was made under a written

8    non-disclosure agreement made between Moroccanoil Israel and Zotos and was

9    otherwise confidential in nature.  Both by the nature of the transaction (including

10   "Confidential" stamps on documents and emails) and through the non-disclosure

11   agreement, Zotos owed a duty to Moroccanoil not to divulge or use the trade secret for

12   its own purposes, and all Defendants were otherwise aware of the trade secret nature of

13   the fragrance isolate and its economic value to Moroccanoil.

14

15   78.    On information and belief, Defendants, through their breach of duty and

16   improper acquisition, misappropriated the fragrance isolate (and potentially other trade

17   secrets) for use in the Majestic Oil Products and/or for other uses.  On information and

18   belief, at the very time Zotos solicited Moroccanoil's delivery of the fragrance isolate

19   and confidential materials, Defendants were actively working to create, market, and sell

20   the copycat Majestic Oil hair care products and to trade on the success of the

21   Moroccanoil brand, the Moroccanoil Trade Dress, and the Moroccanoil Products.

22   Moroccanoil was not aware of the Defendants' duplicity and did not consent to any

23   such use of its trade secrets.

24

25   79.    As a direct and proximate result of Defendants' unlawful misappropriation

26   of trade secrets, Moroccanoil has suffered and will continue to suffer injury to its

27   business, goodwill and property.

28

80.    As a direct and proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil has suffered damages of a nature and in an amount according to proof at trial.

81.    Moroccanoil has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including the misappropriation of trade secrets, Moroccanoil will continue to suffer irreparable harm.

82.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the trade secrets of Moroccanoil and to cause injury to Moroccanoil.  As such, this is an exceptional case within the meaning of Civil Code §§ 3426.3(c) and 3426.4 and damages should be doubled and attorneys' fees awarded.

## **PRAYER**

**WHEREFORE,** Plaintiffs pray for judgment as follows:

1.    For preliminary and permanent injunctive relief against all Defendants, and each of them, and their officers, agents, attorneys, representatives and assigns, and all persons acting in active concert or participation with them, from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

        (a)    Infringing any trademark, trade dress or other intellectual property right owned or controlled by Moroccanoil;

1        (b)     Misappropriating or otherwise using any trade secret or confidential

2  information owned or controlled by Moroccanoil;

3

4        (c)     Causing a likelihood of confusion, deception, or mistake as to the

5  source, nature, or quality of Moroccanoil's goods or causing confusion, deception or

6  mistake as to the source, nature or quality of Defendants' goods;

7

8        (d)     Using any false designation of origin or false representation

9  concerning any of Defendants' goods; and

10

11        (e)     Violating any statute, decision, rule or regulation of any

12  governmental entity in the course of the offering, disposition or sales of any of the

13  Majestic Oil Products;

14

15     2.     For an order directing Defendants, and each of them, to file with this Court

16  and serve on Moroccanoil within 30 days after service of an injunction, a report in

17  writing under oath, setting forth in detail the manner and form in which Defendants

18  have complied with the injunction;

19

20     3.     For an order requiring Defendants, and each of them, to deliver to

21  Moroccanoil:

22

23        (a)     All products, literature, advertising, and other material infringing

24  any Moroccanoil Trademarks or Moroccanoil Trade Dress; and

25

26        (b)     All of Moroccanoil's confidential, trade secret, or business material

27  in Defendants' possession, custody, or control;

28

4.     For an order requiring Defendants to account for all sales and transfers of any of the Majestic Oil Products, including an order that they submit to Moroccanoil immediately all records of all purchases, sales, and other materials pertaining to the acquisition and distribution of the Majestic Oil Products;

5.     For an accounting from each Defendant of all profits, monies and advantages that Defendants have obtained by reason of their wrongful conduct;

6.     For damages in an amount according to proof at trial and doubled or trebled as permitted by law, but in no event less than $75,001.00;

7.     For an order requiring that all gains, profits, or advantages derived by Defendants by their wrongful conduct be disgorged to Moroccanoil to the fullest extent allowed by law;

8.     For punitive and exemplary damages in an amount sufficient to punish defendants and defer such conduct in the action;

9.     For attorneys' fees;

10.    For costs; and

///

///

1    For such other and further relief as the Court deems just and proper.

2

3
Dated:  September 16, 2016          Mark D. Kremer
4                                   Evan Pitchford
5                                   Zachary Page, members of
                                    CONKLE, KREMER & ENGEL
6                                   Professional Law Corporation

7

8

9    By: _____

10                                  Evan Pitchford
                                    Attorneys for Plaintiffs Moroccanoil, Inc.
11                                  and Moroccanoil Israel Ltd.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28